IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


MARGO A. MIDDLETON                                                    PLAINTIFF


        v.                              CIVIL NO. 12-3066


MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                       DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        On June 5, 2012, Plaintiff filed a Writ of Mandamus requesting that the Court intervene

and direct Defendant to comply with the basic notice requirements required by the procedural

process in disability claims.  (Doc. 1).

        On September 24, 2012, Defendant filed a Motion to Dismiss Plaintiff's claim on the

ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g).  (Doc. 6).

        On October 9, 2012, Plaintiff filed a Response stating that Defendant failed to address

the Writ of Mandamus.  (Doc. 8).

        On October 10, 2012, Defendant filed a Reply arguing that the Commissioner complied

with the regulatory requirements set forth for disability claims.  (Doc. 9).  Defendant further

argued that Plaintiff's Writ of Mandamus should be denied because Plaintiff had a remedy

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

-1-

available but did not follow the procedure.  Specifically, Defendant states that Plaintiff could have asked the Appeals Council for an extension of time to file an appeal in Federal Court but chose not to do so.

By Order dated March 12, 2013, the Court directed Defendant to discuss the last known address discrepancy in the Declaration of Donald V. Ortiz.  (Doc. 10).

On March 19, 2013, Defendant clarified the address used to send Plaintiff the December 1, 2011, Notice of Denial by the Appeals Council.  Defendant also stated why Plaintiff's counsel was not sent a copy of this Notice.  (Doc. 11).  Specifically, Defendant provided a letter from Plaintiff's counsel withdrawing his representation of Plaintiff with regard to the application currently at issue.

By Order dated March 26, 2013, Plaintiff's counsel was directed to provide a copy of the request for review of the ALJ's November 16, 2010 decision.  (Doc. 12).  Plaintiff's counsel was further directed to address his withdrawal as Plaintiff's counsel in October of 2011.

On April 5, 2013, Plaintiff's counsel filed a response and attached a copy of the request for review of the ALJ's November 16, 2010 decision.  (Doc. 13).  With regard to the withdrawal of representation, Plaintiff's counsel stated that he received a letter from Plaintiff requesting that he resume his representation of her and that in November of 2011, Plaintiff's counsel requested a hearing regarding a subsequent application that Plaintiff had filed.  Plaintiff's counsel stated that Plaintiff did not inform him of Plaintiff's receipt of a Notice of Denial regarding her first application currently at issue before the Court.

-2-

## Discussion

### A.      Writ of Mandamus:

Plaintiff asserts that she and her counsel learned of the Appeals Council's December 1, 2011, Notice of denial of the applications in question at a hearing regarding a subsequent application for disability benefits in May of 2012.  Plaintiff argues that mandamus is a proper remedy to direct Defendant to comply with the notice requirements set out by the procedural process for disability claims.  Defendant argues Plaintiff does not meet the criteria for mandamus relief.

Title 28, United States Code § 1361 provides: "The district courts shall have original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff."   A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy.  Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006).

In the present case, the pleadings show that on November 16, 2010, the Administrative Law Judge (ALJ) issued a written decision denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Doc. 11, Attachment 2, p.3).  Plaintiff subsequently appealed the ALJ's unfavorable decision to the Appeals Council, who denied her request for further review on December 1, 2011, making the ALJ's decision the final decision of the Commissioner.  Id.   On December 1, 2011, the Appeals Council sent the Notice of Denial to Plaintiff by mail to the address that Defendant had on file.  Id.  In the Notice

of Denial, Plaintiff was notified that she had 60 days from receipt of the Notice to file a complaint in federal court, and that it was assumed that Plaintiff received the Notice 5 days after the date on the Notice. (Doc. 11, Attachment 2, p. 25). Defendant states that no request for an extension to file an appeal for judicial review was made of the Appeals Council.

As addressed above, Defendant complied with the regulatory requirements and mailed a copy of the Appeals Council's Notice of Denial to Plaintiff's last known address on December 1, 2011. 20 C.F.R. § 416.1473 (the Appeals Council shall mail a copy of the decision at the last known address). As pointed out by Defendant, Plaintiff's counsel was not sent this Notice of Denial, as he had withdrawn his representation of Plaintiff by letter dated October 3, 2011. (Doc. 11, Attachment 3). In Plaintiff's response to the motion, Plaintiff's counsel states that this case is "one of several instances where no copy of the denial was received by the claimant or attorney representative," and also states that additional evidence was sent to the Appeals Council regarding the application in question in March of 2012. (Doc. 8). Plaintiff's counsel also indicated that after receiving a request from Plaintiff to resume representation of her in late October of 2011, Plaintiff's counsel did in fact resume his representation of Plaintiff. (Doc. 13).

The Court would point out that the Appeals Council sent the Notice of Denial to Plaintiff at her last known address.[2] If, as alluded to by Plaintiff's counsel, Plaintiff had moved, the duty to inform Defendant of the change of address was Plaintiff's. 20 C.F.R. § 416.708(a) (plaintiff must report a change in mailing address and any change in the address where she lives). The

---

[2] Upon request by the Court, Plaintiff's counsel provided a copy of Plaintiff's request for review of the ALJ's decision. (Doc. 13, Attachment 1). This request indicated that Plaintiff's address was 550 East 4th Street, The Promenade Apts. #11, Mountain Home, Arkansas, 72653. However, Defendant states that Plaintiff's address of record at the relevant time was 105 S. Cardinal St, Apt 15, Mountain Home, AR 72653. (Doc. 11, Attachment 2). Defendant indicates that Plaintiff did not report a change of address. Id.

-4-

record shows that Plaintiff did not report a change of address during the time period in question. (Doc. 11, Attachment 2, p. 3-4). As for the Notice of Denial not being sent to Plaintiff's counsel, the motion and supporting documentation clearly show that Plaintiff's counsel had withdrawn his representation of Plaintiff regarding these applications currently before the Court on October 3, 2011. Accordingly, there would have been no reason for Defendant to mail the December 1, 2011 Notice of Denial to Plaintiff's counsel. Furthermore, while Plaintiff's counsel indicates that he resumed his representation of Plaintiff in late October of 2011, the record shows that Plaintiff's counsel continued representing Plaintiff in a subsequent application, not the current application in question. (Doc. 11, Attachment 2, p. 4). It appears that Defendant complied with the notice requirements set forth in the policy. Furthermore, when Plaintiff's counsel discovered in May of 2012 that a Notice of Denial had been sent out in December of 2011, Plaintiff's counsel could have but chose not to request an extension of time to file an appeal in federal court from the Appeals Council. Carter v. Astrue, 12-3605, 2013 WL 1395783 (8th Cir. Apr. 8, 2013) (Plaintiff did not counter the Commissioner's evidence showing that Plaintiff never asked the Appeals Council for an extension of time to file a complaint for judicial review). Based on the foregoing, the Court finds that mandamus relief would not be proper.

     **B.**    **Motion to Dismiss:**

     Defendant moves the Court to dismiss Plaintiff's complaint as it was untimely filed. Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the Commissioner of Social Security and includes a 60-day statute of limitations for seeking such review. Pursuant to § 405(g),

-5-

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The relevant regulations provide that a civil action under § 405(g) "must be commenced within 60 days after notice of the Appeals Council decision is received by the individual .... except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §422.210(c). The regulations further provide that the date the individual receives notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.; see also Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir.2007) (accepting the SSA's interpretation that "mailing" is the same as "receipt" in Social Security cases). Receipt of notice by either the claimant or the claimant's attorney, whichever occurs first, triggers the 60-day limitations period. Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir.2003) (per curiam).

The 60-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478, (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481. In the absence of equitable tolling, failure to comply with the 60-day limitations period warrants dismissal. Bess, 337 F.3d at 989; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir.1988) (per curiam).

Here, the Appeals Council's decision denying Plaintiff's request for review is dated December 1, 2011. Under the regulations, receipt of the notice would be presumed five days thereafter, in this case on December 6, 2011, unless there is a reasonable showing to the contrary.

Thus, to be considered timely, Plaintiff must have commenced her civil action on or before February 6, 2012.   Plaintiff's Complaint in this case was filed on June 5, 2012, and the record before the Court shows no earlier commencement date.  Additionally, Plaintiff has presented no extraordinary circumstances to justify extending the 60 day period.  Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) (noting that equitable tolling has been allowed only in cases where the government hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way).

The Court finds that Plaintiff's complaint was not filed within 60 days after the presumed receipt of the final decision of Commissioner, or within any time as extended by the Appeals Council.  The Court further finds no extraordinary circumstances present in this case to justify extending the 60 day period.  As stated above, Plaintiff also failed to request an extension of time to file an appeal in federal court from the Appeals Council.  Accordingly, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted and this action should be dismissed.

Based on the above, the Court recommends Defendant's Motion to Dismiss be granted and that Plaintiff's complaint be dismissed without prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of May, 2013.

AO72A
(Rev. 8/82)

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)